UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CRISTIAN IRLANDO GIRON-RAMIREZ, | ) | Criminal No. 3:11-cr-3113 AJB |
| Plaintiff, | ) ) | [Related Civil No. 3:11-cv-02707 AJB] |
| v. | ) ) | **ORDER DENYING PETITIONER'S** |
| USA, | ) ) | **MOTION TO VACATE UNDER 28** |
| Defendants. | ) ) | **U.S.C. § 2255** [Doc. No. 28] |

Cristian Irlando Giron-Ramirez ("Petitioner") moves this Court to reduce his time in federal custody pursuant to 28 U.S.C. § 2255, arguing that the 1995 United States Attorney General Memorandum offers up to two levels downward departure from the applicable guideline sentencing range in return for an alien's concession of deportability and agreement to accept a final order of deportation, and that based on his alien status, he cannot be housed in a minimum security facility or community corrections center, which should be taken in to consideration, and a downward departure granted. For the following reasons, the Court DENIES the motion.

**Discussion**

On September 13, 2011, pursuant to a written plea agreement, Petitioner pled guilty to an Information charging a violation of 8 U.S.C. § 1326 (a) and (b). *See* Plea Agreement, Doc. No. 20.

1  This Court sentenced Petitioner on October 17, 2011, to thirty months imprisonment and three years of
2  supervised release. *See* Judgment, Doc. No. 27.
3        Title 28 of the United States Code, Section 2255 provides that if a petitioner's motion, file, and
4  records "conclusively show that the movant is entitled to no relief" the Court summarily may dismiss the
5  motion without sending it to the United States Attorney for response. *See* 28 U.S.C. § 2255(b). The
6  rules regarding Section 2255 proceedings similarly state that the Court summarily may order dismissal
7  of a 2255 motion without service upon the United States Attorney only "[i]f it plainly appears from the
8  face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is
9  not entitled to relief . . .". Rule 4(a), Rules-section 2255 Proceedings (West 2009). Thus, when a
10 movant fails to state a claim upon which relief can be granted, or when the motion is incredible or
11 patently frivolous, the district court may summarily dismiss the motion. *Cf. United States v. Burrows,*
12 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).
13       A defendant may waive his right to file a § 2255 motion to challenge his sentence, but such a
14 waiver must state so expressly. *United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000). However, a
15 defendant may not waive an ineffective assistance of counsel claim challenging the knowing and
16 voluntary nature of the plea agreement or the voluntariness of the waiver itself. *United States v.*
17 *Rahman,* 642 F.3d 1257, 1259 (9th Cir. 2011); *United States v. Jeronimo*, 398 F.3d 1149, 1156 n. 4 (9th
18 Cir. 2005). Petitioner's plea agreement states in part:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and any lawful restitution order, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel. The defendant also waives, to the full extent of the law, any right to appeal or to collaterally attack his sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing. If the custodial sentence is greater than the high end of that range, defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed. If defendant believes the Government's recommendation is not in accord with this plea agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

( 3:11-cr-3113-AJB, Doc. No. 20 at 10.) The Ninth Circuit approves of such waivers on public policy grounds, reasoning that finality is "perhaps the most important benefit of plea bargaining." *United States v. Navarro-Botello*, 912 F.2d 318, 322 (9th Cir. 1990). Courts will generally enforce a defendant's waiver of his right to appeal if: (1) "the language of the waiver encompasses the defendant's right

to appeal on the grounds claimed on appeal," and (2) "the waiver is knowingly and voluntarily made." *United States v. Martinez*, 143 F.3d 1266, 1270-71 (9th Cir. 1998).  The Court concludes that both of these requirements are met in this case.  Accordingly, Petitioner's motion is barred and must be dismissed because of his plea agreement waiver.

Even if Petitioner had not waived his right to attack his conviction and sentence, Petitioner's motion would fail on the merits.  Petitioner lacks any support for his arguments that the Court should make a further departure because (1) the United States Attorney did not offer up to two points downward departure for accepting a final order of deportation and (2) he is a deportable alien and not eligible for housing in a minimum security prison or community corrections placement.

What the United States Attorney chooses to offer as part of any plea agreement is within the province of the United States Attorney. The Court is prohibited from participating in the plea bargaining process. Fed. R. Crim. P. 11(c)(1).

At sentencing, and by statute, the Court may depart downward only if there are "aggravating or mitigating circumstances . . . not adequately taken into consideration by the Sentencing Commission." In sentencing Petitioner, this Court considered all of the potential departures available in determining the

advisory guidelines applicable in this case. The Ninth Circuit has held that the threat of deportation is not a factor that the district court may consider for sentencing purposes. *United States v. Alvarez-Cardenas*, 902 F.2d 734, 737 (9th Cir. 1990).

In addition, under 18 U.S.C. § 3553(b) and by law, the Court can depart outside the Advisory Guideline System for reasons set forth in the factors of and policy reasons behind the Federal Sentencing Statute, 18 U.S.C. § 3553(a).  All relevant factors were taken in to consideration at the time of Mr. Giron-Ramirez's sentence, including his pending alien status, pending deportation and placement, and other options regarding his custodial sentence.

//
//
//
//

//

**Conclusion**

Based on the foregoing reasons, the Court DENIES Petitioner's Motion to Vacate Under 28 U.S.C. § 2255 [Doc. No. 28].

IT IS SO ORDERED.

DATED: November 22, 2011

_____
Hon. Anthony J. Battaglia
U.S. District Judge